[No. 18365.   Department One.—December 3, 1895.]

# S. H. RICE, APPELLANT, v. TRINITY COUNTY, RESPONDENT.

COUNTY BOUNDARY—SURVEY UNDER DIRECTION OF SURVEYOR GENERAL—LIABILITY OF COUNTY.—Where a survey of a county boundary is made by a surveyor authorized by the surveyor general to make it, and is officially sanctioned and approved by the surveyor general, the survey becomes his act, and is made by the surveyor general within the meaning of sections 483 and 3969 of the Political Code, although the surveyor making the survey is not a deputy surveyor general; and each of the counties adjoining upon the boundary is liable to the surveyor appointed by the surveyor general for its proportionate share of the cost of surveying and definitely marking out the boundary line.

ID.—AUTHORITY OF SURVEYOR GENERAL — AGENCY FOR STATE—DELEGATION OF MECHANICAL AND FIELD WORK.—The law, in casting upon the surveyor general the duty of making public surveys, clothes him with the requisite power to enable him to perform that duty, and it is competent for him to employ surveyors and other functionaries usual and necessary in running the lines and doing the detail work required, and he is the agent of the state for the making of such surveys, and may delegate the mechanical part of the work to others, nor is it necessary that the field work should be done by or under the direct supervision of a deputy.

APPEAL from a judgment of the Superior Court of Trinity County.   T. E. JONES, Judge.

The facts are stated in the opinion of the court.

*Thomas S. Bond,* for Appellant.

An agent may delegate his power when the act to be done is purely mechanical, or according to usage. (Civ. Code, sec. 2349; *Sayre* v. *Nichols,* 7 Cal. 535, 542; 68 Am. Dec. 280.) The county is liable for its proportionate share of the costs of the survey. (Pol. Code, sec. 3974.) The surveyor general could not bring the action, since he is limited to the recovery of his salary. (Pol. Code, sec. 484.) A public officer is not personally liable where he acts as agent of the state. (Wharton's Commentaries on Agency and Agents, sec. 513; *Dwinelle* v. *Henriquez,* 1 Cal. 392; 2 Kent's Commentaries, 632; 1 Parson's Contracts, 7th ed., side p. 124, bottom p. 138.)

Usage may form a basis for recovery. (*Moon* v. *Guardians of Whitney Union*, 3 Bing. N. C. 814; *Ledoux* v. *Goza*, 4 La. Ann. 160.) The action is properly brought in the name of the plaintiff as the real party in interest. (Code Civ. Proc., secs. 367, 369; *Western Development Co.* v. *Emery*, 61 Cal. 614; *Mendocino County* v. *Lamar*, 30 Cal. 629; *Mendocino County* v. *Morris*, 32 Cal. 148; Bliss on Code Pleading, sec. 58.)

*James W. Bartlett, District Attorney*, for Respondent.

The plaintiff is not a deputy surveyor general and there is no cause of action. (*May* v. *Hanson*, 6 Cal. 642; *Wakeham* v. *Barker*, 82 Cal. 50; *White* v. *Merrill*, 82 Cal. 14; *McCarthy* v. *Loupe*, 62 Cal. 300; *People* v. *Crowey*, 56 Cal. 39; *Thompson* v. *Felton*, 54 Cal. 547.) A surveyor general is required to mark out the boundary lines of counties. (Pol. Code, sec. 483, subd. 2, secs. 3969, 3971.) The county surveyor may be required to assist the surveyor general. (Pol. Code, sec. 4274; County Government Act, sec. 144.)

THE COURT.—The plaintiff brought this action to recover from the defendant its proportionate share of the cost of surveying and definitely marking out the boundary line between the counties of Humboldt and Trinity on the one side and the county of Mendocino on the other side. The defendant demurred to the complaint on various grounds, and the demurrer was sustained. The plaintiff declined to amend, and thereupon judgment was entered that he take nothing by his action, from which he appeals.

The facts stated in the complaint are in substance as follows: Each of the counties named was, at all the times mentioned in the complaint, a body corporate and politic, and an organized county of the state of California. The southern boundary line of the counties of Humboldt and Trinity is coincident with the northern boundary line of the county of Mendocino, and is the fortieth parallel of north latitude. The

whole length of this boundary line is fifty-seven and four hundred and ninety-two thousandths miles, and the length of it between the counties of Humboldt and Mendocino is twenty-five and seven hundred and twenty-five thousandths miles, and between the counties of Trinity and Mendocino is thirty-one and seven hundred and sixty-eight thousandths miles.

On the twenty-second day of July, 1891, the said boundary line was not marked by natural objects or lines, or by surveys lawfully made, and, on that day, the board of supervisors of Mendocino county made application to the surveyor general of the state to have the said line surveyed and definitely established. In pursuance of this application the surveyor general, on August, 17, 1891, duly appointed the plaintiff a surveyor to make a survey of said boundary line, and authorized and empowered him to make such survey. In pursuance of said appointment and authority the plaintiff made a survey of said boundary line, and definitely marked the same, and established the common corners of said three counties on the fortieth parallel of north latitude.

The said survey was made between September 1, 1891, and December 18, 1891, and on the last-named day the surveyor general duly approved the same, and it was filed in his office and is of record therein. The cost of making said survey was five thousand one hundred and sixty-one dollars and sixty-six cents, and the proportion thereof chargeable to the defendant was fourteen hundred and twenty-seven dollars and nineteen cents.

In November, 1892, and within a year after the last item of account had accrued, plaintiff filed with the clerk of the board of supervisors of defendant, and duly presented to said board for allowance, his claim and bill for his services in making said survey, the same being properly made out and verified. The said claim came up to be heard by the said board on January 4, 1893, and on that day the board made an order rejecting the claim, and refused to allow the same or any part thereof.

It is then alleged that the defendant is indebted to the plaintiff in the sum of fourteen hundred and twenty-seven dollars and nineteen cents, for the costs of making said survey; that the services of plaintiff in making the survey were reasonably worth that sum, and the same is due and owing by defendant to plaintiff, and that no part thereof has been paid. Wherefore, plaintiff demands judgment, etc.

The Political Code contains the following provisions:

"SEC. 483. It is the duty of the surveyor general: . . . . 2. When required, to survey and mark the boundary lines of counties, cities, villages, and towns."

"SEC. 3969. All common boundaries and common corners of counties not adequately marked by natural objects or lines, or by surveys lawfully made, must be definitely established by surveys jointly made by the surveyors of all the counties affected thereby, and approved by the boards of supervisors of such counties, or by a survey made by the surveyor general, on application of the board of supervisors of any county affected thereby."

In sustaining the demurrer the superior court adopted the view, now most strongly relied upon by respondent, that, under the provisions of the code above cited, a survey to establish the common boundary between two or more counties must be actually made in the field by the surveyor general in person, or by a deputy, and that in no other way can a legal and effective survey for such purpose be made; that inasmuch as the complaint fails to show that the survey, which forms the basis of the action, was so made, no case is made showing any legal obligation upon defendant to pay any part of the cost of said work.

This, in our judgment, is an erroneous view of the meaning and purpose of the statute. In providing that such surveys shall be "made by the surveyor general" it was never contemplated by the legislature that that officer should go personally into the field and direct or perform the detail work of running lines and marking

boundaries.  The general character of the many and important duties to be performed by the surveyor general, as such, and as *ex-officio* register of the state land-office, are wholly incompatible with any such requirement.  What is meant and intended is that the survey shall be made under his direction and supervision, and when completed shall have his official sanction and approval.  When so made and approved the survey becomes his act, and is "made by the surveyor general."  By necessary implication, the law, in casting upon the surveyor general the duty of making public surveys, clothes him with the requisite power to enable him to properly perform that duty, and for this purpose it is perfectly competent for him to employ surveyors, and other functionaries usual and necessary in running the lines and doing the detail work required.  He is made the agent of the state for the making of such surveys, and as such agent he may delegate the mechanical part of the work to others.  (Civ. Code, sec. 2349.)  Nor is it necessary that the field work should be done by or under the direct supervision of a deputy.  The surveyor general is given but one deputy (Pol. Code, sec. 343), and has no power to appoint more (Pol. Code, sec. 877), and the general duties and powers of the deputy are the same as those of the principal (Pol. Code, sec. 865), excepting, of course, that they are exercised in the name of the latter.  There is, therefore, no more reason for supposing that the legislature intended such work to be done by the deputy than by the surveyor general himself.

The other points made by respondent against the sufficiency of the complaint do not call for special notice, as they are without merit.

The judgment is reversed and cause remanded with directions to overrule the demurrer.